W. H. COLE v. GATES LUMBER CO., Appellant.  GORDON
  ELLIOTT and M. F. EDWARDS, Special Claimants.

COSTS: APPORTIONMENT: RECOVERY FROM SUCCESSFUL PARTY. On the
    reference of a cause by agreement of the parties, the claims
    for services of the referee and stenographer fall within the
    provisions of Code, section 3855, relating to the liability of
    the successful party for costs; but where the costs of an action
    are taxed by the court, one-half against each of the parties,
    such claimants cannot compel the successful party to pay more
    than on-half of their costs.

*Appeal from Butler District Court.*— HON. CLIFFORD P.
        SMITH, Judge.

TUESDAY, JULY 10, 1906.

APPEALS from an order requiring the Gates Lumber
Company to pay a part of the claimants' bills for services.
The opinion states the facts.— *Affirmed.*

*C. M. & G. E. Greene,* for appellant, Gates Lumber Co.

*Edwards & Camp,* for appellees.

SHERWIN, J.— The original suit was brought by Cole
against the lumber company for a partnership accounting.
It was referred by agreement of the parties to M. F. Ed-
wards for trial and a report to the court of his finding of
fact, and his conclusion of law thereon.  The claimant El-
liott was selected by the parties to take the testimony before
the referee and to extend his shorthand notes, and furnish
each party a carbon copy thereof.  The work thus agreed
upon was performed by both of the claimants.  The lumber
company was successful in the suit, but the court ordered
that each party should pay one-half of the costs of the action
to be taxed by the clerk, including the items of costs

specifically named in the report of the referee, among which were the items of $83 for the services of Elliott and $215.47 for the referee's services and disbursements. After the judgment in the original case the lumber company filed receipts with the clerk of the court covering $183.15 and paid him $74.71 in cash. A fee bill execution against Cole was returned unsatisfied, and there can be no question as to his financial irresponsibility. The special claimants, Edwards and Elliott, filed in the original case a motion to recover their fees from the lumber company under the provisions of section 3855 of the Code. This motion contained two propositions: First, that the defendant was liable for one-half of the fees under the order of the court taxing the costs; and, second, that it was liable for the full amount thereof. The court found for the claimants on their first claim, and rendered judgment against the defendant for the sum of $74.53; such sum being the difference between the sum paid to the clerk, $74.71, and one-half of the amount of their claims. The clerk was also ordered to pay the claimants the $74.71 paid to him by the defendant. Both parties appeal.

As we have already said, Edwards and Elliott base their right to recover against the defendant on section 3855 of the Code, which provides " that all costs accrued at the instance of the successful party which cannot be collected of the other party may be recovered on motion by the person entitled to them against the successful party." Such being the claim, we need not determine the right of the defendant to satisfy the judgment against him for costs by filing receipts for costs accrued to other parties, for under this statute his liability to the claimants cannot be affected by his liability to others, or by the payment of other costs taxed against him. To entitle the claimants to recover under this statute it is only necessary that they show that their costs accrued at the defendant's instance, and that they cannot be collected of the other party. We think the reference of the case by agreement, and the selection of Mr. Edwards as the referee, and

of Mr. Elliott as the reporter, also by agreement, brings the case within the purview of the statute permitting recovery when costs have accrued at the instance of the successful party.   While the order of reference was made by the court, it was based upon their consent and agreement.   The referee and reporter were selected by them, and their services were performed at their instance, or in other words, upon their request and solicitation.

A more difficult question is presented by the appeal of the claimants; that is, whether they may recover of the defendant the full amount of their costs, or only one-half thereof.   The appellees contend that the obligation of the parties was joint and several, and that the defendant is therefore liable for the entire amount.   A promisor may, of course, bind himself in any manner that he chooses, and hence the real question to determine is the intention.   In the instant case this does not very clearly appear because of the peculiar nature of the transaction.   Here were antagonistic parties agreeing to the reference of an equity case, and others accepting employment under the agreement with full knowledge of the situation, and with the further knowledge that the court might order a division of the costs, as it did, and we think it fair to presume that none of the parties then contemplated or intended any liability on the part of either litigant beyond one-half of the cost of the service.   It is the usual practice in such cases for each side to become responsible for one-half of the fees of the referee and reporter.

We therefore think the judgment of the trial court equitable and just under the circumstances, and it is affirmed on both appeals.— *Affirmed.*